UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RONALD BRUCE MYERS,

        Defendant.

No. CR-04-173-FVS

ORDER

**THIS MATTER** came before the Court on June 28, 2004, for sentencing. Before the Court is also the defendant's motion to withdraw his guilty plea, Ct. Rec. 205. The defendant is proceeding *pro se*, assisted by stand-by counsel, Jeffrey Barkdull. Assistant United States Attorney Tim Durkin represents the Government. This Order is intended to memorialize the Court's oral rulings made in open court.

**BACKGROUND**

On March 11, 2005, pursuant to a Rule 11(c)(1)(C) Plea Agreement, Ct. Rec. 190, the defendant pleaded guilty to Count 1 of the Second Superseding Indictment, charging the defendant with Interstate Transportation of Stolen Motor Vehicle in violation of 18 U.S.C. §§ 2312 and 2. Sometime prior to entering into this Plea Agreement, the Assistant United States Attorney ("AUSA") contacted the Northern District of Mississippi and spoke to a probation officer

regarding the status of the defendant's supervised release in that federal district. The probation officer informed the AUSA that the computer file showed that the defendant's supervised release expired in July 2004. The AUSA then relayed this information to the defendant during preliminary plea negotiations.

The parties eventually discovered that the probation officer in Mississippi was mistaken and that the defendant's supervised release had not expired in July 2004. On May 13, 2004, the United States Probation Office for the Eastern District of Washington secured from the Northern District of Mississippi a transfer of jurisdiction of the defendant's supervised release. This transfer of jurisdiction showed that the defendant's supervised release in the Western District of Mississippi ran from February 6, 2004, to February 5, 2007. On May 16, 2005, the United States Probation Office for the Eastern District of Washington presented the Court with allegations that the defendant violated the conditions of his supervised release. *See* CR-05-106-FVS. Thereafter, the defendant filed a motion to withdraw his Rule 11(c)(1)(C) Plea Agreement in this action.

**DISCUSSION**

After accepting a plea, but before sentencing, a district court "may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed.R.Crim.P. 32(e). It is well established that a defendant has no right to withdraw his guilty plea and that a withdrawal motion is committed to the sound discretion of the district court. *United States v. Signori*, 844 F.2d 635, 737 (9th Cir. 1988). As the text of Rule 32(e) indicates, it is the defendant

who bears the burden of establishing a "fair and just reason." *United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984). However, that standard is applied liberally. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (2004). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.*

The defendant argues that "but for" the incorrect information he received from the AUSA, he would have insisted upon an additional condition in his Rule 11(c)(1)(C) Plea Agreement. Specifically, the defendant contends he would have insisted on adding a condition that the Court not oppose a concurrent sentence on any supervised release violations from the Northern District of Mississippi. Therefore, the defendant contends that his reliance on the incorrect information he received from the AUSA constitutes a "fair and just" reason to allow him to withdraw his plea.

Although the Court determines that the AUSA did not make any intentional misrepresentations to the defendant, the Court finds that the AUSA relayed incorrect information to the defendant. Based on this incorrect information regarding the date of the expiration of his supervised release, the defendant assumed no violations for supervised release in the Northern District of Mississippi could be filed. Therefore, the defendant did not insist that the Plea Agreement address sentencing recommendations for any subsequent supervised release violations. The Court also accepts the

defendant's contention that he would not have entered into the Rule 11(c)(1)(C) Plea Agreement without such a condition, if he had known that his supervised release had not expired in the Northern District of Mississippi.

The Court determines the defendant has shown a "fair and just" reason to allow him to withdraw his plea. Accordingly, the Court grants the defendant's motion to withdraw his plea.

After some discussion, the parties re-affirmed the 11(c)(1)(C) Plea Agreement with additional language, as indicated in detail on the record in open court. Pursuant to the parties' joint recommendation, the Court accepted the re-affirmed 11(c)(1)(C) Plea Agreement and proceeded to the sentencing phase of the hearing.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to withdraw, **Ct. Rec. 205**, is **granted**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and to the **defendant**.

**DATED** this <u>30th</u> day of June, 2005.

                                  s/ Fred Van Sickle
                                    Fred Van Sickle
                        Chief United States District Judge